# COVENANTS — ESTOPPEL — STATUTE OF LIMITATIONS — STREET ASSESSMENTS.

[Hamilton (1st) Circuit Court, March 10, 1906.]

Jelke, Swing and Giffen, JJ.

ISABELLA M. BELL v. NORWOOD (CITY) ET AL.

1. LIMITATION ON STREET ASSESSMENT INSTALLMENTS.

   Prior to the act of April 25, 1904, Rev. Stat. 1104 (Lan. 2451), the statute of limitations did not begin to run in favor of a property owner and against the municipality on a street assessment until each of the several installments became due.

   [For other cases in point, see 5 Cyc. Dig., "Limitation of Actions," §§ 228-229.—Ed.]

2. COVENANT IN DEED AS ESTOPPEL AGAINST COLLECTION OF INVALID ASSESSMENT.

   The exception in the covenant of warranty in a deed of conveyance, "except maturing street assessments on Floral avenue which the grantee assumes and agrees to pay," merely means that the grantor is relieved of liability on the warranty on account of the assessment, and not that a definite sum made to the grantee as part of the consideration and as such inures to the benefit of the city, and the assessment having been held illegal and void cannot be collected by the city from the grantee in the deed.

   [For other cases in point, see 4 Cyc. Dig., "Estoppel," §§ 174-177.—Ed.]

**W. R. Collins** and **L. F. Hanger,** for plaintiff.

**O. G. Bailey,** for defendants.

JELKE, J.

Prior to the act of April 25, 1904 (97 O. L. 403; Rev. Stat. 1104; Lan. 2451), whatever statute of limitation ran in favor of the property owner and against the municipality did not begin to run until each of the several installments became due. Whatever bar may operate as between the property owner and the municipality, must begin to run from the same date. While the assessment became a lien from the time the ordinance was passed, yet the statute did not begin to run on the several assessments until they became due and payable, like the postponed payments provided for in a mortgage.

We are therefore of the opinion that the plaintiff is barred from maintaining her action as to the first installment of said assessment, but that she may maintain the same as against all subsequent installments.

It is contended by the county treasurer in the interest of and on behalf of the city of Norwood, that the plaintiff herein is estopped from contesting the assessment on Floral avenue because the deed contains in the covenant of warranty, the following sentence: "Except maturing street assessments on Floral avenue which the grantee assumes and agrees

to pay." This is all the evidence we have before us. The question arises, whether the rule laid down in the case of *Caldwell* v. *Columbus,* 1 O. S. C. D. 612 (37 Bull. 270), affirmed in *Caldwell* v. *Columbus,* 56 Ohio St. 759 [49 N. E. Rep. 1108], or the rule laid down in *Walsh* v. *Sims,* 65 Ohio St. 211 [62 N. E. Rep. 120], applies. It turns upon the question of fact as to whether or not there was an allowance of a definite sum made to the grantee as part of the consideration. Of course if the grantee has been allowed a sum certain, and has practically been a depository, or trustee, of such sum for the payment of the assessment on Floral avenue, it makes no difference to the grantee whether such assessment is legal or illegal. On the other hand, if there has been no such allowance to the grantee, and this exception of the covenant warranty is to be considered merely as a contract between the grantor and grantee that grantor shall be relieved from any assessment, then grantee is not estopped from setting up and availing himself of the illegality of any assessment.

This court has heretofore held that the Floral avenue assessment is illegal and void, and the Supreme Court has sustained this conclusion. The burden of proving the estoppel against the property owner is upon the treasurer. Looking then to this deed, and in the absence of other testimony, we find that the intention of the contracting parties was, that the grantor was to be relieved of any liability on the warranty on account of this Floral avenue assessment, but it was not intended to make a contract which should inure to the benefit of the city of Norwood or make the grantee the custodian of a definite sum of money for the payment of this assessment.

We therefore find on the equities for the plaintiff, and a decree may be had accordingly.

**Swing** and **Giffen, JJ.,** concur.